#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### COLUMBIA DIVISION

| | |
|---|---|
| Tammy Berlene Haley, | ) |
| Plaintiff, | ) ) ) ) Civil Action No. 3:12-cv-01219-JMC |
| v. | ) ) **OPINION AND ORDER** |
| Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 30] filed June 20, 2013, regarding Plaintiff Tammy Berlene Haley's ("Plaintiff") claim for Disability Insurance Benefits ("DIB"). Plaintiff filed the instant action seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration ("the Acting Commissioner") pursuant to 42 U.S.C. § 405(g). The Magistrate Judge concluded that the Administrative Law Judge ("ALJ") did not apply the proper legal standards in making its residual functional capacity ("RFC") determination. [Dkt. No. 30]. Accordingly, the Magistrate Judge recommends that the court reverse and remand the Acting Commissioner's final decision. *Id.* at 20.

For the reasons set forth below, the court **ACCEPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Report. The Commissioner's final decision is **REVERSED** and **REMANDED**.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes, upon its own careful review of the record, that the factual summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. However, a brief recitation of the procedural background in this case is warranted.

Plaintiff filed an application for DIB on December 11, 2009, and an application for Social Security Income ("SSI") on November 30, 2009. [Dkt. No. 30 at 1]. Plaintiff's application was denied initially and again upon reconsideration by the Acting Commissioner. *Id.* Plaintiff then had a hearing before an ALJ on May 11, 2011. *Id.* On May 26, 2011, the ALJ found that Plaintiff was not disabled. *Id.* The ALJ found that Plaintiff had a RFC to perform employment that required simple, routine tasks among other restrictions. (Tr. 33). On March 7, 2012, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Acting Commissioner for purposes of judicial review. [Dkt. No. 30 at 3]. Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3) of the Social Security Act to obtain judicial review of the final decision of the Acting Commissioner, denying her claim for DIB.

The Magistrate Judge reviewed Plaintiff's case and provided the Report to the court. In the Report, the Magistrate Judge found that the Acting Commissioner failed to properly consider both a September 2010 opinion from Plaintiff's treating physician and Plaintiff's medication-related side effects. [Dkt. No. 30 at 20]. The Magistrate Judge also recommended that the case be remanded to a new ALJ. *Id.* The Acting Commissioner filed objections to the above-mentioned findings of the Report. [Dkt. No. 33].

**STANDARD OF REVIEW**

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to

assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157-58.

## DISCUSSION

**Treating Physician's September 2010 Opinion**

Plaintiff contends the ALJ did not properly consider the opinions of her treating physician, Dr. Stuart Cooper. [Dkt. No. 30 at 14]. Dr. Cooper wrote two opinions regarding Plaintiff's condition: one in May 2010 and the other in September 2010. *Id.* The May 2010 opinion is a letter from Dr. Cooper describing Plaintiff's condition and requesting that Plaintiff's application for disability be reconsidered. *Id.* In the letter, Dr. Cooper noted that he was treating Plaintiff for severe recurrent urticaria, obstructive sleep apnea, anxiety, major depression, osteoarthritis of her knees, lumbar DDD, and myofascial pain syndrome. *Id.* Dr. Cooper concluded that Plaintiff could not work in any type of employment. *Id.* Dr. Cooper also found that Plaintiff could not kneel, squat, lift, or stand for long periods of time due to pain and arthritis. *Id.* In September 2010, Dr. Cooper completed a questionnaire noting the same information as in the May 2010 opinion, but adding that Plaintiff suffered from the following severe impairments: lower back pain, pain in her knees, and hypersomnolence. *Id.* He stated that Plaintiff's treatment included medications and a CPAP for sleep apnea. *Id.* Dr. Cooper wrote that the medical and laboratory testing results included a sleep study that was positive for sleep apnea and a lumbar spine MRI showing multi-level DDD. *Id.* As an additional comment, Dr. Cooper wrote that due to multiple medications for treatment of her urticaria and pain, Plaintiff suffered from severe daytime sleepiness and she had the non-exertional limitations of sleepiness and poor concentration. *Id.* Dr. Cooper noted that Plaintiff's condition rendered her unable to work in any capacity based on her inability to drive due to the risk of her falling asleep

4

at the wheel. *Id.* Dr. Cooper also found that Plaintiff's anxiety and depression impaired her concentration, and Plaintiff was unable to perform physical work due to limitations from her back and knees. *Id.* at 15. Dr. Cooper assessed restrictions of no driving, kneeling, squatting, lifting, or standing for prolonged periods. *Id.* He stated that Plaintiff had an impaired ability to concentrate and work consistently. *Id.* Dr. Cooper concluded that Plaintiff was not likely to see any type of significant improvement and that she was unable to work in any type of employment. *Id.* at 14.

The Magistrate Judge recommends that the action be remanded to the Acting Commissioner for consideration of the September 2010 opinion from Dr. Cooper. The Magistrate Judge found that while the ALJ's opinion expressly discounted Dr. Cooper's May 2010 opinion, the ALJ failed to provide a reason for discounting the September 2010 opinion. The court agrees.

A treating physician's opinion is generally entitled to great weight. *See Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001); 20 C.F.R § 416.927. However, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro*, 270 F.3d at 178. When reducing the weight of a treating physician's opinion, the ALJ is required to provide an explanation with solid reasoning. SSR 96-2P, 1996 WL 374188 (July 2, 1996). The Social Security Regulations state, in relevant part:

> [The ALJ's] decision must contain specific reasons for the weight given to the treating source's medical opinion…and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

*Id.*

The Acting Commissioner contends that the ALJ considered both of Dr. Cooper's opinions, including that of September 2010. [Dkt. No. 33 at 3]. While the ALJ mentioned Dr.

5

Cooper's September 2010 opinion, the ALJ's decision did not address how much weight the opinion was afforded or the reasons for discounting the opinion.

Since the ALJ's discussion of the September 2010 opinion failed to comply with the Social Security Regulations, the court accepts the recommendation of the Magistrate Judge and remands this action to the Acting Commissioner to properly consider Dr. Cooper's September 2010 opinion.

**Medication-Related Side Effects**

Plaintiff argues that the ALJ failed to properly consider her medication-related side effects. [Dkt. No. 30 at 12]. In particular, Plaintiff alleges the ALJ did not fully consider that her medications caused sleepiness and drowsiness. *Id.* Significantly, the September 2010 opinion of Plaintiff's treating physician Dr. Cooper (discussed above), which the ALJ failed to properly consider, found that Plaintiff suffered from excessive sleepiness. *Id.* at 14. The Magistrate Judge concluded that it was unclear from the ALJ's decision what impact Plaintiff's medication-related side effects had on the RFC determination or what weight was given to Plaintiff's testimony that her pain medication caused her severe sleepiness. *Id.* at 12. Thus, the Magistrate Judge recommended a remand to the Commissioner for the full consideration of the side effects of Plaintiff's medications. The court accepts the Magistrate Judge's recommendation.

In reaching a determination regarding a claimant's RFC, the ALJ must base the decision on "all of the relevant evidence in the case record" including the side effects of medication. SSR 96-8P, 1996 WL 374184 (July 2, 1996). The ALJ is required to explain "how the evidence supports each conclusion, citing specific medical facts…and nonmedical evidence." *Id.* Additionally, the ALJ "must always consider *and address* medical source opinions." *Id.*

6

(emphasis added). In instances where the ALJ's assessment is contrary to a treating source's medical opinion, the ALJ is required to "explain why the opinion was not adopted." *Id.*

The Acting Commissioner objects to the Magistrate Judge's finding that the ALJ did not fully consider the side effects of Plaintiff's numerous medications, including sleepiness, in determining her RFC. [Dkt. No. 33 at 1-2]. The Acting Commissioner contends there are indications throughout the ALJ's decision that Plaintiff's medication-related side effects were properly considered. *Id.* The Acting Commissioner notes the ALJ found that the medication-related side effects constituted a separate severe impairment. *Id.* at 1. The ALJ also made mention of these side effects at several points in the decision. *Id.* at 1-2.

The ALJ discussed treating physician Dr. Cooper's notes dated September 2008 - September 2009 regarding Plaintiff's sleepiness. The ALJ also discussed Dr. Cooper's December 2009 letter which stated "the claimant was also on several medications that increased her sleepiness and that she was also on Ritalin to try to counteract the sleep producing effects of her medications but that it had not been successful at doing so." (Tr. 28, 30). The ALJ provided sufficient reasoning for granting no weight to this set of opinions from Dr. Cooper. The ALJ stated the opinions were not supported by the "longitudinal record of treatment." (Tr. 30). The ALJ cited specifically that Plaintiff "traveled to Colorado to visit a friend" and her "overall condition was stable with medications" as his reasons for discounting these opinions. *Id.*

In his decision, the ALJ later referenced that Plaintiff continued to suffer from severe daytime sleepiness as evidenced by Dr. Cooper's September 2010 opinion. (Tr. 31). The ALJ also mentioned that at the hearing in May 2011, Plaintiff stated her weight fluctuated as a result of the side effects of her medication. (Tr. 34).

Despite these references to the side effects of Plaintiff's medications, the ALJ failed to consider *all* of the relevant evidence. The ALJ did not note Plaintiff's testimony regarding her medication-related sleepiness (Tr. 108) or Plaintiff's complaint of drowsiness in notes that the ALJ requested from her at the hearing (Tr. 106-107, 356). Moreover, in making the determination that the side effects of Plaintiff's medications constituted a severe impairment, the ALJ did not detail which side effects he was referring to. *See Stewart v. Secretary of Health, Educ. and Welfare of U.S.,* 714 F.2d 287, 290 (3d Cir. 1983) ("We require that an Administrative Law Judge do more than simply state ultimate factual conclusions...[The ALJ] must include subsidiary findings to support the ultimate findings."). The ALJ also failed to explain how the evidence of medication-related side effects, particularly sleepiness, was weighed in his overall RFC determination.[1] *See Jolly v. Barnhart,* 465 F. Supp. 2d 498 (D.S.C. 2006) (holding that the ALJ's RFC determination that claimant could work despite claimant's arthritis was not supported by substantial evidence where the ALJ failed to explain why no weight was given to the medical evidence regarding that condition).

As discussed at length in the previous section, the ALJ failed to explain his treatment of Dr. Cooper's September 2010 opinion which stated that Plaintiff suffered from excessive sleepiness. [Dkt. No. 30 at 14]. Without an explicit account of the ALJ's reasons for discounting this opinion of the treating physician, the court is unable to conduct a meaningful review of the RFC determination. *See Vo v. Astrue*, 518 F. Supp. 2d 715 (D.S.C. 2007) (holding remand is appropriate where the ALJ failed to articulate his reasons for rejecting the assessment

---

[1] In the ALJ's decision, it was stated that "the evidence shows that [hypersomnia is] stabilized due to medication and CPAP as previously discussed". (Tr. 35). To the extent that this was intended to be an explanation for discounting the medication-related side effect of sleepiness, this statement is too vague for meaningful review. It is unclear what evidence shows that Plaintiff's sleepiness condition was stabilized.

of an examining physician who supported claimant's allegations). Therefore, the court accepts the recommendation of the Magistrate Judge and remands for proper consideration of Plaintiff's medication-related side effects.

**Assignment to a New ALJ**

The Acting Commissioner objects to the Magistrate Judge's recommendation that the action, if remanded, be remanded to a new ALJ. [Dkt. No. 33 at 5]. Plaintiff bases the request for a new ALJ on the allegation that the assigned ALJ was biased against her. [Dkt. No. 30 at 19]. Plaintiff claimed that the ALJ rolled his eyes several times after Plaintiff's attorney spoke. *Id.* The Magistrate Judge noted that while the hearing transcript revealed that the ALJ was irritated, impatient, and abrupt, his conduct did not amount to bias against Plaintiff. *Id.* at 20. The Magistrate Judge noted the law on allegation of bias:

> Any such allegation [of bias] must begin from the presumption that the ALJ is unbiased. *See Schweiker v. McClure,* 456 U.S. 188, 195-96 (1982) (discussing ALJs who decide Medicare Part B claims). This presumption may be rebutted if the plaintiff demonstrates that the ALJ "displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 566 (1994) (criminal trial); *see also Davis v. Astrue,* No. 5:10CV72, 2011 WL 3236196, at *3 (N.D.W.Va. July 28, 2011) (applying *Liteky* and *Schweiker* to Social Security context). Expressions of impatience, dissatisfaction, annoyance, and even anger are not sufficient to establish bias or impartiality. *Liteky,* 540 U.S. at 466.

*Id.* Since the ALJ's conduct did not amount to bias against Plaintiff, the court finds no basis upon which to remand this action to a different ALJ. Accordingly, the court rejects the Magistrate Judge's recommendation.

**CONCLUSION**

For the foregoing reasons, the court **ACCEPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Report. The court **REVERSES** the Acting Commissioner's decision denying benefits, and **REMANDS** under 42 U.S.C. § 405(g) for proper consideration of the September 2010 opinion of Plaintiff's treating physician and Plaintiff's medication-related side effects.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Court Judge

August 29, 2013
Florence, South Carolina